**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 97-4589

SANFORD R. SHAPIRO,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-424-S)

Submitted: July 14, 1998

Decided: August 3, 1998

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles L. Waechter, Arbutus, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Dale P. Kelberbman, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sanford R. Shapiro pled guilty to aiding and assisting in the preparation of false income tax returns and bankruptcy fraud. See 26 U.S.C. § 7206(2) (1994) & 18 U.S.C. § 152 (1994). Despite an unremarkable and thorough Fed. R. Crim. P. 11 proceeding after which the district court accepted Shapiro's plea as willfully and intelligently made, Shapiro moved to withdraw his plea the day before he was to be sentenced. See Fed. R. Crim. P. 32(e). The district court, after allowing Shapiro significant latitude in explaining his reasons for the eleventh-hour motion, denied the motion and sentenced Shapiro to thirty-six months in prison. Shapiro appeals his conviction.

Shapiro's only suggestion of error on appeal is that the district court erred in refusing to allow him to withdraw his plea. The withdrawal of a guilty plea is not a matter of right. See United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). The defendant bears the burden of showing a "fair and just" reason for the withdrawal even in the absence of a showing of prejudice by the Government. See Fed. R. Crim. P. 32(e); United States v. Hyde, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). "[A] `fair and just' reason . . . is one that essentially challenges . . . the fairness of the Fed. R. Crim. P. 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). We review the district court's denial of the motion to withdraw the plea for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

In order to abuse its discretion, a district court must either fail or refuse to exercise its discretion, or rely on an erroneous legal or factual premise in the exercise of its discretionary authority. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). In this case, there is no evidence of an abuse of discretion apparent from the record and Shapiro has identified none. The district court did not rely on an erroneous legal or factual premise to exercise its discretion in denying the motion. Generally, courts consider six factors in determining whether to permit the withdrawal of a guilty plea: (1) whether the defendant offered credible evidence that the plea was not knowing or voluntary;

2

(2) whether the defendant credibly asserted his legal innocence; (3) the length of delay between the entry of the plea and the filing of the motion to withdraw; (4) whether the defendant had the assistance of effective counsel; (5) whether withdrawal would prejudice the government; and (6) whether withdrawal would inconvenience the court or waste judicial resources. See Moore, 931 F.2d at 248.

In this case, the district court referred specifically to the applicable legal standard, correctly applied the facts of Shapiro's request to withdraw his plea, and, in an exercise of the district court's discretion, denied Shapiro's motion. The court carefully considered Shapiro's statements in support of his motion to withdraw his plea in light of his statements at his Fed. R. Crim. P. 11 hearing. There is no suggestion in the record on appeal that the district court abused its discretion. On appeal, Shapiro merely contests the district court's evaluation of the six factors of Moore and contends that the district court did not give each its appropriate weight. Shapiro's mere disagreement with the district court's conclusions does not amount to an abuse of the court's discretion. As a result, we find no cause to disturb the district court's ruling.

We hereby affirm Shapiro's conviction entered on his guilty plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3